EZEKIEL E. CORTEZ (SBN 112808)
Law Office of Ezekiel E. Cortez
550 West C Street, Suite 620
San Diego, CA 92101
T: (619) 237-0309 | F: (619) 237-8052
lawforjustice@gmail.com

Attorney for Defendant, *Eduardo Escobedo-Silva*

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (THE HONORABLE DANA M. SABRAW)

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> EDUARDO ESCOBEDO-SILVA, <br><br> Defendant. | Case No. 14CR02124-DMS <br><br> **MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** <br><br> Date: TBD <br> Time: TBD |

TO: RANDY S. GROSSMAN, ACTING UNITED STATES ATTORNEY; MATTHEW SUTTON, ASSISTANT UNITED STATES ATTORNEY; LORI FAUBEL, U.S. PROBATION OFFICER:

**Motion**

Defendant Eduardo Escobedo-Silva (Mr. Escobedo), by and through his attorney of record, Ezekiel E. Cortez, and pursuant to Title 18 U.S.C. § 3583(e)(1), hereby moves this Court for early termination of his five-year period of supervised release.

Los Angeles U.S. Probation Officer Ocherita was contacted, and he deferred to Southern District of California Probation Officer Lori Faubel. Officer Faubel did not agree to early termination because of the nature of the offense but had no other specific reason for her not agreeing. The Officer who supervises Mr. Escobedo is Central District

officer Ocherita.

Mr. Escobedo has been entirely complaint with all conditions of supervision since his release from custody on October 3, 2018. The Court's attention is invited to the sentencing pleadings provided by then AUSA Adam L. Braverman to the Court's chambers on March 21, 2017 in the original case.

## I.
## Facts

On March 24, 2017, this Court sentenced Mr. Escobedo to a term of imprisonment of 57 months concurrently on each of the two counts to which Escobedo had pleaded guilty. The Court sentenced Escobedo to a period of post-incarceration supervised release of 5 and 3 years on each of the two counts to run concurrently. Docket 115. The Court also recommended to the BOP to place Escobedo in the RDAP program; Escobedo successfully completed the 9-month course.

On October 3, 2018, the BOP released Mr. Escobedo to begin his period of supervised release. Escobedo was released to the Central District and has been supervised there, lately by Probation Officer Ocherita. As of the date of the filing of this motion, Mr. Escobedo will have completed approximately three years and four months of supervision – the equivalent of 2/3 of his five-year period of supervision imposed by this Court.

The Government agreed in the well-considered plea agreement that Mr. Escobedo was free to seek early termination of supervision after completing 2/3 of the five-years if Escobedo fulfilled all conditions of supervision, which he has. Docket 54, page 10.

## II.
## The Underlying Case and Context for Mr. Escobedo's Full Rehabilitation.

Probation Officer Jose Hernandez Bravo wrote at page 14 of his PSR the following about Mr. Escobedo:

> 68. The defendant reported at age 16 or 17, he first drank alcohol. ESCOBEDO described himself as a "heavy drinker" and referred

> to himself as someone who has a problem with alcohol. On this topic, ESCOBEDO stated his excessive abuse of alcohol has resulted in several emergency hospital stays.
> 69. ESCOBEDO also stated at age 16 he experimented with marijuana and continued to use marijuana just prior to being arrested.
> 70. At age 18, ESCOBEDO first used cocaine and stopped within the same year. The defendant stated he resumed using cocaine in 2012.
> 71. Regarding his substance abuse, ESCOBEDO stated he has never received any rehabilitative assistance for alcohol or illegal drugs.
> 72. The defendant's spouse disclosed ESCOBEDO has been drinking alcohol since age 15, and referred to him as an "alcoholic." She also noted over the past five years, the defendant's alcohol consumption has been very problematic requiring him to be hospitalized.

Notably, Probation Officer Bravo found that a variance from the applicable Guidelines was compelled, and he recommended the lowest sentence he could have recommended – the minimum mandatory 10-years custody:

> As for sentencing in this case, the advisory guideline custody range in this matter is 152 to 188 months. After careful review of the case facts, and pursuant to the sentencing factors outlined at 18 U.S.C. § 3553(a), a variant sentence of 120 months, concurrent as to Count 1 and Count 2 is recommended.

Page 19, paragraph 120 of the PSR. The substance abuse background in the PSR provides context for the dynamics that led up to his involvement in importation of marijuana and money laundering. This background provides a sound basis from which one can fully appreciate the exceptional rehabilitation accomplished by Mr. Escobedo during the now approximate 40 months of supervision.

 For additional background, Mr. Escobedo directs the Court's attention to his Defendant's Sentencing Memorandum and Exhibits, he filed with the Court on October 18, 2016. Docket 104. At Mr. Escobedo's sentencing hearing, a full half of the Court's courtroom was filled with Mr. Escobedo's nuclear and extended family members, all

very polite.

After hearing from counsel, the Court commented how the case was: "unusual in the extremes", how before he was arrested, Mr. Escobedo had led a lifestyle of "extreme decadence" and how he had fallen deeply into a reckless self-destructive lifestyle. And then the Court noted how it was also "unusual to see this level of remorse and rehabilitation", directly said to Mr. Escobedo that "[you] completely remade yourself", and how "the need to deter you specifically, is greatly diminished."[1] The Court's evaluation of the 3553(a) factors and comments about Mr. Escobedo's rehabilitation were prophetic.

Mr. Escobedo has fully recovered from alcohol and drug abuse. He also cut all ties with old acquaintances that could endanger his rehabilitation and no longer socializes with those individuals. He implements the tools learned also at Orion Residential Re-entry Center to be successful in his sobriety and in society. Baltazar Valencia, Orion RRC Employment Placement Specialist writes:

> This memo is to reference Mr. Escobedo's character and accomplishments while in the RRC. Since his arrival to the RRC, Mr. Escobedo presented himself in a respectful manner and followed all facility rules. … resident Escobedo looked to help other residents and would buy them food and donate his clothing to the less fortunate residents. While in the program, Mr. Escobedo accomplished many things which included; gaining employment, reconnecting with his family and completing the transitional skills course (TSC) offered by the RRC. By Participating in the TSC, Mr. Escobedo gained knowledge and skills to help him transition back into society and avoid recidivism. Additionally resident Escobedo would volunteer in our in-house AA/ NA meetings and share his experience with others in an effort to prevent vulnerable residents from relapsing.

*See*, Exhibit A.

---

[1] The Court's quotations have been taken form contemporaneous notes by defense counsel.

Since arriving at the half-way house and his release from the BOP, Escobedo has become a self-employed restauranteur and manages his family owned food trucks and a brick-and-a-mortar restaurants for the food chain Benihibachi in Oakland, San Jose, Los Angeles, and here in San Diego's Gaslight District. *See,* Exhibit B.  Escobedo has been working at Benihibachi for the past 3 years and is helping his mother expand to other major cities across the country.

In contrast to his prior "decadent" lifestyle, Mr. Escobedo prides himself in the new relationships and networking experiences he's developed over nearly four years now. These include professional relationships with food chain suppliers, such as the Restaurant Depot, and well-known celebrities he's had the pleasure and privilege to cook for through Benihibachi. More importantly, at 37 years old now, Mr. Escobedo is highly focused on and motivated by his growing family. He recently became a grandfather and is excited to share more time with his five children, partner of 24 years, and his grandchild.

Mr. Escobedo also acknowledges the importance of his role as a father, and grandfather, and strives to set a better example for his children. He hopes to instill in them a strong work ethic and provide them with better life opportunities. He warns all his children, from the oldest – 22 years old – to the youngest – now 11 – about the trappings of drugs and alcohol so they do not fall prey the same predilections that kept him away from his family for so long.

Since his release from the BOP, Escobedo has not had any run-ins with law enforcement; not even as much as a speeding ticket. He never had any problems or write ups during his period of incarceration or even now during his period of supervision with Probation.

### III.
### Title 18 U.S.C. § 3583(e)(1)

The Court may terminate supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the

conduct of the defendant released and the interests of justice." Title 18 U.S.C. § 3583(e)(1). The U.S. Sentencing Commission also encourages courts to terminate supervision where appropriate, including when a supervised person "successfully completes a treatment program, thereby reducing the risk to the public from further crimes of the defendant." USSG § 5D1.2, cmt. n. 5.

## Conclusion

For the above reasons, Eduardo Escobedo-Silva respectfully asks this Court for early termination of his supervision.

Respectfully submitted,

Dated: February 16, 2022

/s/ *Ezekiel E. Cortez*
EZEKIEL E. CORTEZ
*Attorney for Defendant,*
*Eduardo Escobedo-Silva*